**ACADEMIC TRAVEL ABROAD, INC.,**
**Plaintiff,**

**v.**

**J. David KUPPER, Defendant.**

**No. 71–C–568.**

United States District Court,
E. D. Wisconsin.

Feb. 2, 1972.

Frisch, Dudek, Slattery & Denny by William A. Denny, Milwaukee, Wis., for plaintiff.

Hayes, Peck, Perry & Gerlach by Gary A. Gerlach, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the complaint, and in the alternative, asks that a more definite statement be submitted or that certain allegations of the complaint be stricken. I have concluded that the motion to dismiss should be granted, subject, however, to the plaintiff's right to file an amended complaint.

There are portions of the complaint (paragraphs 9, 13, 14, 15 and 16) which indicate that the gravamen of the complaint is fraud. On the other hand, there are other paragraphs of the complaint which sound in strict contract (paragraphs 8, 10, 11 and 12). The latter paragraphs allege that Mr. Kupper purchased rail tickets from the plaintiff and failed to pay for them; it is also alleged that he accepted money from the plaintiff for air transportation and failed to furnish it.

While the last mentioned portions of the complaint would support a simple breach of contract claim under Rule 8, Federal Rules of Civil Procedure, I note that the plaintiff, in its brief, does not so interpret the complaint; in its brief, the plaintiff argues:

"In substance, the Complaint charges that the defendant, Kupper, has manipulated various corporations and continued his businesses while concealing the fact of insolvency from creditors who, like the plaintiff, have made advances to and reservations with the respective corporations while totally unaware of such insolvency. In particular, it is alleged that the plaintiff was induced by the defendant to purchase railroad tickets for the defendant's business while it was concealed from the plaintiff that the business would not be able to pay for them."

If fraud is indeed the gravamen of the complaint, rather than a simple violation of contract, the plaintiff has failed to comply with the provision of Rule 9(b), Federal Rules of Civil Procedure, which requires that the circumstance constituting fraud "be stated with particularity." Hirshhorn v. Mine Safety Appliances Co., 54 F.Supp. 588 (W.D.Pa.1944); Seward v. Hammond, 8 F.R.D. 457 (Mass.1948).

If the plaintiff also seeks recovery on the claim of a simple contract breach, such demand should be advanced in a separate count, rather than be intermingled and confused with allegations of "concealment" and "manipulation" wherein it is charged that the tickets in question were purchased for a corporation controlled by the defendant.

In granting the defendant's motion for dismissal, I find it unnecessary to consider the defendant's alternative motions for a more definite statement or to strike portions of the complaint.

Therefore, it is ordered that the defendant's motion to dismiss the complaint be and hereby is granted, provided that the plaintiff may file an amended complaint within 20 days from the date of this order.