**SEWARD et al. v. HAMMOND et al.**

**Civil Action No. 7444.**

United States District Court
D. Massachusetts.

Dec. 22, 1948.

458

Kneeland & Splane and Herbert C. Splane, all of Boston, Mass., for plaintiffs.

Stanley M. Epstein and Charles A. Rome, both of Boston, Mass., for defendants.

FORD, District Judge.

The action here was brought by Halvor R. Seward and Muriel L. Seward to enforce liabilities and duties of the defendants Chester Hammond and Caroline C. Duval alleged to arise under Title I of the Securities Exchange Act of 1934, c. 404, § 1, 48 Stat. 881, as amended, 15 U.S.C.A. §§ 78a–78jj, and regulations issued thereunder. No service of the complaint has been made on the defendant Duval. Sec. 78aa of the Act. This is a motion by defendant Hammond to dismiss the action on the grounds that the complaint fails to state a claim against the defendant on which relief can be granted, and that the court lacks jurisdiction as between the plaintiffs and this defendant.

The complaint sets forth that the plaintiffs, as well as defendant Hammond, are residents of Massachusetts and defendant Duval a resident of New York, and that on or about June 15, 1947, the plaintiffs were owners of certain shares of stock of the H. F. Livermore Company, a Massachusetts corporation.

The complaint then alleges that the defendants used means and instrumentalities of interstate commerce in knowingly and wilfully by concerted action engaging in a course of business which operated as a fraud and deceit upon the plaintiffs in connection with the purchase of said shares of stock by the following acts.

The defendants, representing interests desiring to buy all the shares of stock of the said company, contacted the plaintiffs relative to the purchase of the plaintiffs' shares of stock.

On or about June 15, 1947, the defendants induced the plaintiffs to sell their shares of stock on the following conditions: Thirty-four thousand dollars ($34,000) to be paid on delivery of the said shares plus an additional four thousand dollars ($4,000) if another stockholder, one Morgan, sold her stock, but the defendants jointly induced the plaintiffs to agree that if the plaintiffs would use their best efforts in effecting the sale by said Morgan to the defendants or their principals of said Morgan's shares, the defendants would pay the plaintiffs an additional four thousand dollars ($4,000) on the purchase price of the plaintiffs' shares.

The defendants have neglected and refused to pay the plaintiffs the said amount although the plaintiffs have demanded the same.

The two grounds for dismissal urged by the defendant here are closely related, for since it appears that this defendant is a resident of Massachusetts, as are both plaintiffs, there does not appear to be any basis of jurisdiction in diversity of citizenship, and the question of jurisdiction thus becomes wholly dependent on whether the complaint sets forth a cause of action under the federal statute on which the plaintiffs rely.

Plaintiffs in oral argument have based their contention that the complaint asserts a claim under the Securities Exchange Act on Rule X–10B–5 of the Securities and Exchange Commission, Title 17

C.F.R.Supp. Sec. 240.10b–5,[1] the wording of which is followed very closely in the statement of their claim. The gist of the unlawful act set forth in the regulation is the use of an instrumentality of interstate commerce in a fraudulent transaction in connection with the purchase of shares of stock. A proper allegation of fraud is thus an essential element of the claim which the complaint purports to set forth. It is not sufficient merely to allege in the general words of the regulation that the defendants' business "operated as a fraud and deceit upon the plaintiffs." Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that "In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity." This requirement has not been complied with here. It is not alleged there was any scheme or device employed by the defendants to defraud the plaintiffs in the sale of their securities nor that any material representation made by the defendants to induce action by the plaintiffs in the sale of their securities was false or fraudulent, nor that there has been any failure to disclose any information which was needed to prevent the representations which were made from being misleading in the purchase of the securities. Nor is it anywhere alleged that the plaintiffs were deceived or misled in the sale of their securities by anything said or done by the defendants. The only harm which the plaintiffs claim to have suffered is that the defendants have not paid the additional $4000 on the purchase price of their shares which the plaintiffs contend is due to them under the agreement alleged to have been made by the parties. This indeed may state a good claim for breach of contract, but a failure to perform the terms of a contract, without more, does not constitute fraud within the meaning of the Securities Exchange Act.

There being no sufficient allegation of fraud, no claim has been stated which falls within the purview of the Securities Exchange Act and of Rule X–10B–5.

Since this is the only possible ground for jurisdiction of this court between defendant Hammond and the plaintiffs, it is not necessary to determine whether any other actionable claim has been set forth in the complaint.

Defendant Hammond's motion to dismiss the complaint as against him is allowed with costs.

---

[1] Sec. 240.10b–5 Employment of manipulative and deceptive devices by any purchaser of a security. It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security. Rule X–10B–5, effective May 21, 1942; 7 F.R. 3804.