Florence **REIVER,** Executrix and Administratrix of the Estate of Samuel Reiver,

v.

**PHOTO MOTION CORPORATION,** Franklin National Bank, Doris Baron, and Harry Porter.

Civ. A. No. 70–2133.

United States District Court, E. D. Pennsylvania.

April 20, 1971.

Robert W. Maris, Dilworth, Paxon, Kalish, Levy & Coleman, Philadelphia, Pa., for plaintiff.

Leonard Zack, Zack & Myers, Philadelphia, Pa., for defendant Photo Motion Corp.

## MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

This action is brought pursuant to section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and rule 10b–5 issued thereunder by the Securities and Exchange Commission. It comes before the Court on defendant Photo Motion Corporation's ("Photo Motion") pre-trial motion to dismiss, or, alternatively, for a more specific statement or for summary judgment.

The allegations in the complaint may be briefly summarized as follows:

Plaintiff's decedent loaned $50,000 to the American Institute of Science and Technology ("American Institute"). The loan was guaranteed by defendant Porter. As security for the guarantee, Porter pledged with plaintiff his shares of the capital stock of Photo Motion. Upon a default by the American Institute, the loan agreement was amended and additional security was pledged in the form of Photo Motion stock owned by defendant Baron. Upon further default, plaintiff's decedent attempted to sell the pledged shares of Photo Motion stock, and for the first time became aware that the shares could not be sold because there was a stop order against their transfer. It then appeared that the shares could not be transferred because they were originally issued in an unregistered transaction under section 4(2) of the Securities Act of 1933 to investors for investment purposes only. The stock certificates which were the subject of the pledge bore no legend indicating the nature of the restriction.

In support of its claim against Photo Motion, plaintiff alleges in paragraph 33 of the complaint that "defendants":

> "by use of the means and instrumentalities of interstate commerce and of the mails, placed into commerce deceptive devices and contrivances, namely, the shares in question, consisting and operating as a fraud and deceit upon plaintiff in violation of Section 10(b) of the Act and Rule 10b–5 issued thereunder."

Plaintiff further alleges in paragraph 36 that:

> "As a direct result of the fraudulent and misleading circulation of the shares of stock in question, plaintiff was induced to loan $50,000.00 without effective collateral and has consequently suffered the loss of the said $50,000.00 through default without recourse."

These are the only allegations which bear upon the conduct of Photo Motion. The allegation of fraud is stated in a general rather than a particular sense.

Photo Motion moves to dismiss the complaint under Rule 12(b) on the grounds that it fails to allege any conduct on its part in violation of Section 10(b) and rule 10b–5 in connection with the sale or issuance of its securities upon which a claim for relief could be granted. In alternatively seeking a more definite statement, Photo Motion contends that Reiver has failed to allege specific acts of fraudulent conduct as required by Fed.R.Civ.P. 9(b).

In opposition to this motion Reiver argues that any issuance of stock, the circulation of which is restricted by securities law, without a notation upon the stock of such restriction, constitutes per se a deceit in connection with the sale of a security as to any person who may subsequently purchase or receive the security. In support of this argument, Reiver alleges (in her brief, not in her complaint) that: (1) the general practice

by issuers of restricted shares is to note such restrictions on the face of the share certificates and as a result of Photo Motion's failure to to so, these shares were placed into interstate commerce with the deceptive appearance of negotiability, which, when relied upon, caused financial detriment to Reiver; and (2) under the particular facts of the present case, where it is clear that the defendants Baron and Porter were closely connected insiders in both Photo Motion and the American Institute, it may be inferred from the facts alleged in the complaint that these individuals engaged in a scheme of issuing restricted shares in one of their corporations in order that the shares might be deceptively used to raise capital for another one of their corporations.

We do not here hold that these factual and legal allegations in the brief are sufficient to sustain a cause of action under rule 10b–5. It is possible that they may. They set forth a novel but thoughtful interpretation of section 10 (b) and rule 10b–5. The problem now, however, is that the allegations are not made in the complaint.

Rule 9(b) of the Federal Rules of Civil Procedure states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A case brought pursuant to section 10(b) and rule 10b–5 must be bottomed upon an allegation of fraud. As we have seen, here plaintiff makes only a conclusory allegation of fraudulent issuance of stock

by Photo Motion; the complaint fails to state the nature of the fraudulent conduct in specific particularity as required by Fed.R.Civ.P. 9(b).

In Seward v. Hammond, 8 F.R.D. 457 (D.Mass.1948), the sellers of securities brought suit against the purchasers, alleging that the latter used means and instrumentalities of interstate commerce in knowingly and wilfully engaging in a course of business which operated as a fraud and deceit upon the plaintiffs in connection with the purchase and sale of securities in violation of rule 10b–5. The court granted the defendant's motion to dismiss, holding that the complaint failed to comply with Fed.R.Civ.P. 9(b) by failing to allege particular fraudulent acts:

"A proper allegation of fraud is thus an essential element of the claim which the complaint purports to set forth. It is not sufficient merely to allege in the general words of the regulation that the defendants' 'business operated as a fraud and deceit upon the plaintiffs.'" *Id.* at 459.

Counsel for plaintiff has indicated that if the Court requires, he will amend the complaint to comply with Fed.R.Civ.P. 9(b). Therefore, in order to put the case in proper posture for ruling on the Motion to Dismiss, we will grant defendant's motion for a more specific statement and grant plaintiff leave to file an amended complaint within thirty days or suffer dismissal of the action. We will reserve judgment on the Motion to Dismiss raised in Count II of the complaint.[1]

---

1. Count II of the Complaint, brought under the Court's pendent jurisdiction, contains the allegation that defendants breached the warranty contained in section 8–306 of the Uniform Commercial Code (Pa.Stat., tit. 12A, § 8–306), which states that a person transferring a security to a purchaser for value warrants that the security is genuine and that he knows of no fact which might impair the validity of the security.