**W. T. RICHARDSON, Plaintiff,**

v.

**James J. SALINAS, Defendant.**

**Civ. A. No. 3-4487.**

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 25, 1972.

**998**

Arthur Skibell, Dallas, Tex., for plaintiff.

David H. Rosenberg, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

Plaintiff W. T. Richardson claims that Defendant James J. Salinas has committed fraud in connection with the sale of securities in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. 240.10b–5. Salinas has moved to dismiss on two grounds. First, he alleges that this action is barred by the statute of limitations; second, he alleges that the complaint fails to state a cause of action. The Court feels that the motion to dismiss is without merit.

Richardson alleges that on September 18, 1968, he received 22,733 shares of Bishop Industries, Inc., as a result of a corporate acquisition. Shortly thereafter, Richardson requested his attorney to find a purchaser for the stock. Richardson gave his lawyer a Limited Power of Attorney to dispose of the stock.

On January 19, 1969, Richardson and Salinas met with the attorney at his office. Richardson was informed that Salinas would purchase the stock and that the attorney had already conveyed the stock to him. Salinas stated that he would pay the entire purchase price of $34,099.50 within twenty days. Thereafter Richardson received only $8,200.00 of the purchase price from Salinas.

On February 11, 1971, Richardson filed this lawsuit for the balance of the purchase price. He contends that Salinas never intended to pay the purchase price of the stock, and that failure to so state amounted to a material omission or a fraudulent course of business under Rule 10b–5.

## I. THE STATUTE OF LIMITATIONS

Salinas made the agreement to pay for the stock on January 19, 1969. This suit was filed on February 11, 1971,

more than two years later.[1] Salinas contends that the suit is barred by limitations.

■ Section 10(b) of the Securities Exchange Act of 1934 contains no statute of limitations; therefore this Court must consult Texas law for the applicable limitation period. *International Union, United Automobile, Aerospace and Agricultural Implement Workers, etc. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). There are two Texas limitation statutes that could be applied here. Defendant Salinas contends that Article 5526, Vernon's Ann.Tex.Rev.Civ.Stat., a two-year statute, is applicable. Plaintiff Richardson contends that Article 581–33 of the Texas Securities Act, Vernon's Ann. Civ.Stat., a three-year statute, is applicable.

■ When there is a choice between several state statutes of limitations, the federal court must consider which statute "best effectuates the federal policy at issue." *Charney v. Thomas,* 372 F.2d 97, 100 (6th Cir. 1967). The Court feels that two things must be considered: first, which state substantive statute is closer in purpose to Rule 10b–5; second, which limitation period, considered apart from the substantive law it controls, best effectuates the purposes of Rule 10b–5?

### A. The Substantive Statutes

Rule 10b–5, 17 C.F.R. 240.10b–5, is promulgated under the authority of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)[2] and provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange—

(1) to employ any device, scheme or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading or

(3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person

in connection with the purchase or sale of any security.

There are two Texas statutes that provide a remedy to those defrauded in connection with stock transactions. Article 581–33 of the Texas Securities Act (Texas Blue Sky Law) provides in relevant part:

A. Any person who

(2) Offers or sells a security . . . by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made not misleading (when the person buying

---

1. This Court feels that the statute of limitations began to run on January 19, 1969, when defendant made his allegedly fraudulent statement. However, it is possible that the statute began to run only when plaintiff knew, or, in the exercise of due care, should have known, that defendant's statement was fraudulent. In this case the Court feels that plaintiff should have known of defendant's fraudulent intent on February 9, 1969, the day after the stock was to be paid for. Thus plaintiff's cause of action would still be blocked by the two-year statute.

2. 15 U.S.C. § 78j(b) provides:
 It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

 (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

the security does not know of the untruth or omission, and who in the exercise of reasonable care could not have known of the untruth or omission) is liable to the person buying the security from him. . . .

This portion of Article 581–33 is modelled after § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*.

It is clear from a cursory reading that the provisions of Rule 10b–5 and Article 581–33 are not identical. Article 581–33 provides a cause of action only to purchasers of securities, while Rule 10b–5 protects both purchasers and sellers. Further, the portion of Article 581–33 in parentheses imposes a high duty of care on a purchaser of a security that is not included in the wording of Rule 10b–5. Despite the differences, the terminology of Article 581–33 essentially corresponds to clause (2) of Rule 10b–5.

The second statute, § 27.01 of the Texas Business and Commerce Code, U.T.C.A., provides in relevant part:

(a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a

 (1) false representation of a past or existing material fact, when the false representation is

 (A) made to a person for the purpose of inducing that person to enter into a contract; and

 (B) relied on by that person in entering into that contract;

Section 27.01 is based on Article 4004, Tex.Rev.Civ.Stat., since repealed. This statute essentially sets out the elements of common law fraud.

### B. The Limitations Statutes

Article 5526, Tex.Rev.Civ.Stat., provides in relevant part:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions of suits in court of the following description:

 \* \* \* \* \* \*

4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

Texas has no specific limitation statute applicable to fraud suits, and Article 5526 has been judicially construed to limit these actions. White v. Bond, 362 S.W.2d 295 (Tex.Sup.1962). This article controls suits brought under § 27.01, Tex.Bus. & Comm.Code.

Article 581–33 of the Texas Securities Act provides in relevant part:

C. No person may sue under subsection A(2) more than three (3) years after the contract or more than three (3) years after the buyer in the exercise of ordinary care should have discovered that such sale was made in violation of said Subsection A(2).

The limitation period is similar to that prescribed in the Securities Act of 1933, which provides that an action be instigated within one year after discovery of a misstatement, but no later than three years after the date of sale.[3] Professor Alan Bromberg has stated that state Blue Sky limitation statutes would appear to be natural choices in 10b–5 actions. A. Bromberg, Securities Laws: Fraud, Sec. 2.5(2), p. 42 at n. 105 (1971).

### C. Conclusion

■ This Court has discovered only two cases in which federal courts have been faced with a choice between a state Blue Sky limitation statute and a common law fraud limitation statute in a 10b–5 action.

In Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967), plaintiff filed a 10b–5 suit in Michigan. Plaintiff maintained the six-year statute controlling common law fraud suits applied; defendant contended that the two-year limitation on state Blue Sky actions was applicable. The district court applied the two-year

---

3. 15 U.S.C. § 77m.

Blue Sky limitation statute and dismissed the case. The Court relied on a series of Michigan cases holding that the sole state remedy for fraud in the sale of securities was the Michigan Blue Sky Law.

After the dismissal, the Michigan Supreme Court ruled that a defrauded purchaser could sue either under the state Blue Sky Law or at common law. On appeal, the Sixth Circuit reversed the district court, holding that the six-year limitation statute on common law fraud suits was proper in Michigan 10b–5 cases.

In Vanderbloom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), plaintiff contended a three-year limitation statute controlled 10b–5 cases; defendant argued the two-year limitation contained in the Arkansas Blue Sky Law applied. The district court applied the Blue Sky limitation statute and dismissed the case.

On appeal, the Eighth Circuit affirmed. The Court made several observations that are relevant to this case. First, the Court noted that Arkansas had no limitation statute on common law fraud actions and that the three-year limitation statute had been judicially construed to be applicable. Further, the court felt that the Arkansas Blue Sky Law, patterned on § 12(2) of the Securities Act of 1933, was closer to 10b–5 actions than common law fraud actions. Finally, the Court observed that state Blue Sky limitation statutes would be natural choices in 10b–5 actions.

The Fifth Circuit discussed limitations in Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967). In *Azalea* the Florida statutes of limitations controlling both liability created by statute and actions based on common law fraud were three years. In an opinion, the district court expressed a preference for the limitation statute controlling actions created by statute. The circuit court disagreed, stating:

> Whether the present action is characterized as one upon a liability created by statute, on the one hand, or

one for relief on the ground of fraud, on the other, is really immaterial for the end result would be the same. It is important, however, to note, though gratuitously, that conceptually the gravamen of an action brought under the section 10(b) of the Securities Exchange Act of 1934 is fraud and that a state statute of limitations should not be permitted to narrow the filing time available under a broadly remedial federal act to a period less than the one available for commencing a similar common-law action.[4]

This Court feels that in *Azalea* the Fifth Circuit was concerned that limitation periods on 10b–5 actions not be shorter than those prescribed for common law fraud actions.

This Court feels that all considerations lead to the conclusion that the three-year limitation period of Article 581–33 of the Texas Securities Act is appropriate. First, the Texas Blue Sky Law is closer in both substance and purpose to Rule 10b–5 than is § 27.01. As to the limitations statutes in question, the Court notes Article 5526, the two-year statute, was not specifically intended to apply to fraud actions, but, as in the Arkansas statute discussed in *Sexton*, has merely been so construed. Further, application of the Blue Sky statute appears to this Court to be a natural choice. Finally, application of the Texas Blue Sky statute would not reduce the limitation period to one shorter than that prescribed for Texas common law fraud actions; rather, application of the Blue Sky statute would give plaintiffs one year longer to bring 10b–5 actions than to bring those based on fraud.

In conclusion, the Court holds that 10b–5 actions brought in Texas are controlled by the three-year limitation period, and that this suit is timely.

## II. THE CAUSE OF ACTION

 Richardson alleges that Salinas never intended to pay the entire purchase price of the stock, and that failure to

4. 386 F.2d at 8.

so state gives rise to a cause of action under Rule 10b–5. His prayer is for the balance of the purchase price due him.

On its face, the complaint appears to allege no more than a suit for mere breach of contract. In Seward v. Hammond, 8 F.R.D. 457 (D.Mass.1948), plaintiff sellers alleged that defendant buyers induced plaintiffs to sell their stock for a certain amount. Plaintiffs claimed that defendants also agreed to pay an additional consideration if plaintiffs induced another person to sell defendants his stock. Plaintiffs alleged that the defendants never intended to pay the additional consideration. The Court dismissed the case for failure to state a claim under the Securities Exchange Act of 1934 and regulations promulgated thereunder, characterizing the complaint as one for breach of contract rather than fraud under the securities laws. Though *Seward* has never been overruled, federal securities laws have since been liberally interpreted to protect those defrauded in security transactions.

In A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2nd Cir. 1967), plaintiff broker sued under Rule 10b–5 for payment on a stock purchase. The broker alleged that defendant purchasers intended to pay for the stock only if the price went up. In overruling a motion to dismiss the Court held that the broker had asserted a cause of action under Rule 10b–5. The Court noted that not every failure to pay for securities constituted a violation of the securities laws, but

> whether there is actionable fraud or a mere breach of contract depends on the facts and circumstances developed at the trial or on motion for summary judgment.[5]

Accord, Allico National Corporation v. Amalgated Meat Cutters etc., 397 F.2d 727 (7th Cir. 1968.)

On trial of this case, plaintiff may be able to prove no more than breach of contract. However, this Court agrees with the decision in *Brod* that the interest of justice would be better served by fuller development of the case rather than by terminating it at this preliminary stage.

For the reasons set out above defendant's motion to dismiss is overruled.