**JOSEF'S OF PALM BEACH, INC.,**
et al., Plaintiffs,

v.

**SOUTHERN INVESTMENT COMPANY**
et al., Defendants.

Civ. No. 71–1417.

United States District Court,
S. D. Florida.

Oct. 20, 1972.

Lloyd G. Herold, North Palm Beach, Fla., for plaintiffs.

John Witt, of Johnson & Witt, Riviera Beach, Fla., for defendant Russell Stokes.

Wade R. Byrd, of Stewart, Van Der Hulse, Call & Byrd, Palm Beach, Fla., for defendant Southern Investment Co.

Frederick P. Tiballi, of Frazier, Tiballi & Schroeder, Fort Lauderdale, Fla., for defendants James W. Stevens and Fluid Power Pump Co.

## ORDER

FULTON, Chief Judge.

On May 10, 1972, this Court entered an order staying this cause pending completion of a similar cause between the same parties before the Palm Beach Circuit Court. Prior to entry of the stay order, there was pending before the Court a motion to dismiss filed by defendants Fluid Power Pump Company and James W. Stevens. Because the Court anticipated that this cause would be stayed, this Court reserved ruling upon defendants' motion to dismiss. However, by a separate order, this Court has now removed the stay order in this cause. Thus, defendants' motion to dismiss should now be ruled upon.

The question raised by defendants' motion to dismiss is whether this cause is barred by the applicable statute of limitations. This cause was instituted on September 10, 1971. It is alleged in plaintiffs' complaint at paragraph 5 that "commencing on or about March of 1969" defendants Stokes and Stevens, acting as agents of defendant Southern Investment, contacted the plaintiffs and made certain representations about Stokes', Stevens', and Southern Investment's investment counselling services. It is further alleged at paragraph 6 of plaintiffs' complaint that "commencing early in May, 1969, and as a continuation of the [March]contacts" defendants Stokes and Stevens made certain representations about the investment opportunities in the common stock of Fluid Power Pump Company which representations caused plaintiffs to ultimately purchase Fluid Power stock. The date of purchase is not alleged.

## WHETHER STATUTE OF LIMITATIONS MAY BE RAISED BY A MOTION TO DISMISS

Plaintiffs contend in their memorandum in opposition to defendants' motion to dismiss that the statute of limitations is an affirmative defense under Rule 8(c), Fed.R.Civ.P., and that it cannot be raised by a Rule 12(b), Fed.R.Civ.P., motion to dismiss.

Generally, this is so. However, where a complaint shows on its face that the applicable limitations period has run, the statute of limitations may be raised by a motion to dismiss. Wright & Miller, 5 Federal Practice & Procedure § 1357; 2A Moore's Federal Practice ¶ 12.10.

## STATUTE OF LIMITATIONS APPLICABLE TO AN ACTION UNDER § 10(b), 15 U.S.C. § 78j

Section 10(b), 15 U.S.C. § 78j, of the Securities Exchange Act contains no statute of limitations and there is no general federal statute of limitations. Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970); Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972). As a result, the Federal Court must look to the law of the forum state which is, in this instance, the law of Florida. The Federal Court must "borrow" the most applicable State limitations statute.

Defendants contend that the most applicable Florida limitations statute is Florida Statute § 517.21, F.S.A., Florida's Blue Sky Law two-year limitations period. Plaintiffs, however, claim that Florida's three-year limitations period for actions for relief upon the ground of fraud, Florida Statute § 95.11(5)(d), F.S.A., is most applicable.

Where there is a choice between several state statutes of limitations, the Federal Court must consider which stat-

ute "best effectuates the federal policy at issue." Richardson v. Salinas, 336 F.Supp. 997 (N.D. Texas 1972). In this instance, Florida Statute § 517.21, F.S.A., is applicable to actions brought under § 517.301 of the Florida Blue Sky Laws, which is substantially the same as § 10(b), 15 U.S.C. § 78j; whereas, § 95.11(5)(d) is a general limitations statute applicable to fraud actions.

Although there are a substantial number of cases dealing with the question now before this Court, none of these cases deal specifically with the Florida limitations sections §§ 517.21 and 95.-11(5)(d). In the 1967 case of Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967), the District Court sitting in Florida was presented with a choice, in a § 10(b) action, between two Florida limitations statutes—§ 95.11(5)(a), three year limitations on actions upon a liability created by statute, and § 95.-11(5)(d), three year limitations for actions based upon fraud. Although it made no real difference, since both limitation periods were three years, the District Court expressed a preference for § 95.11(5)(a), the limitations section applicable to actions upon statutory liabilities. The Fifth Circuit apparently disagreed in dicta, reasoning that the gravamen of a § 10(b) action is fraud and that § 95.11(5)(a) would be more appropriate.

In another Fifth Circuit case arising in Texas the Fifth Circuit accepted the agreement of the parties that the two-year Texas statute for actions based upon fraud, misrepresentation, or deceit should apply. Aboussie v. Aboussie, 441 F.2d 150 (5th Cir. 1970). In a footnote, the Court cited Azalea Meats, Inc. v. Muscat, supra, wherein the Court held that the gist of a § 10(b) action is fraud, and compared it to an Eighth Circuit case, Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970) which applied the Arkansas Blue Sky two year limitations statute to a § 10(b) action. However, in a more recent Texas District Court opinion, Richardson v. Salinas, 336 F.Supp. 997 (N.D. Texas 1971), the District Court chose the Texas three year limitations statute applicable to actions under the Texas Blue Sky Laws rather than the Texas two year limitations section construed by Texas Courts to be applicable to actions grounded on fraud. And, in Hooper v. Mountain States Securities Corporation, 282 F.2d 195 (5th Cir. 1960), the Alabama one-year limitation applicable to actions on fraud was applied. See also Bailes v. Colonial Press, 444 F.2d 1241 (5th Cir. 1971).

As can be seen, this troublesome issue has arisen in other cases in this Circuit, but the specific question before this Court has not been answered. In looking to cases from other circuits, the question remains unanswered because there is a substantial conflict in the decisions. In both Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972) and Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970) the Courts applied the State statute of limitations applicable to state Blue Sky actions rather than the states' general fraud limitations statutes. In both instances, the Blue Sky limitations statutes were shorter than the fraud statute of limitations; however, both Courts reasoned that Blue Sky limitations statutes best effectuated federal policy and were proper since they dealt expressly with the sale of securities and applied to state substantive statutes resembling closely the federal securities law. See also Batchelor v. Legg & Co., 52 F.R.D. 553 (D.Md.1971).

On the other hand, in Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967), the Sixth Circuit Court of Appeals reversed the District Court which had applied the Michigan two-year Blue Sky statute of limitations. The Court held that in this instance since the plaintiff in the Michigan State Courts had a choice of remedies and could sue either under Michigan Blue Sky recision provisions or under the common law for fraud and since "statutes in derogation of the common law must be construed narrowly," the general fraud six-year

limitations section was more applicable. The Court stated, however, that:

> Although in some cases the local Blue Sky Law might be the more appropriate point of reference, in the present case the Michigan law contains no provision similar to section 10(b) of the federal law.

Charney v. Thomas, 372 F.2d at 100.

The Ninth Circuit has held in a number of § 10(b) cases that the appropriate state limitations statute to apply is the state's general fraud statute of limitations. Fratt v. Robinson, 203 F.2d 627 (9th Cir. 1953); Errion v. Connell, 236 F.2d 447 (9th Cir. 1956); Turner v. Lundquist, 377 F.2d 44 (9th Cir. 1967); Sackett v. Beaman, 399 F. 2d 884 (9th Cir. 1968). However, in Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912 (9th Cir. 1971), the Court was presented with a new twist on what was by then an old issue. It was argued that since the *Fratt* and *Errion* decisions, both Washington cases, the State of Washington had enacted a provision for civil liability for sales of securities by means of fraud or misrepresentation, which was governed by a three-year statute of limitations, and that this more specific statute should be applied rather than the three-year general fraud section. The Court declined to back away from its earlier rulings, reasoning that a change in local law was no reason to add unnecessary uncertainty to § 10(b) federal prosecutions.

It should be noted, however, that in the *Douglass* case the Court was presented with a choice between two three-year statutes, which would appear to make the choice one without any difference in result. The Court nevertheless made the choice because it was claimed that the time when the two statutes began to run was different. The question of when the statute begins to run under federal law will be discussed fully at a later point of this order.

Finally, the Tenth Circuit, in two Utah cases, has held that the Utah general fraud limitations statute is applicable to § 10(b) actions. Chiodo v. General Waterworks Corp., 380 F.2d 860 (10th Cir. 1967); Mitchell v. Texas Gulf Sulphur Company, 446 F.2d 90 (10th Cir. 1971). Although it is unclear whether Utah had a Blue Sky limitation statute or whether the Court was presented with a choice between a Blue Sky limitations statute and a fraud limitations statute, the Court nevertheless distinguished Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), which applied the Arkansas Blue Sky limitation statute, on the basis that the Eighth Circuit had abrogated the element of scienter in § 10(b) actions, whereas the Tenth Circuit had not.

All this does not resolve the question before this Court—the question of whether Florida Statute § 517.21 or Florida Statute, F.S.A., § 95.11(5)(d) applies to this cause. As stated before, however, Section 517.301 of the Florida Statutes, F.S.A., is virtually the same as § 10(b), and the two-year limitations statute, § 517.21, applies to that section. Although it is true that fraud is the gist of a § 10(b) action, a generally accepted legal principle is that the more specific rule governs the general. Furthermore, it cannot be said that application of the Florida Blue Sky limitations statute, § 517.21, would frustrate the purposes of the federal act. The Blue Sky limitation statute appears to be a natural and logical choice. See Richardson v. Salinas, 336 F.Supp. 997 (N.D. Texas 1972).

The Court is aware of dicta in Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967), wherein the Court states

> It is important, however, to note, though gratuitously, that conceptually the gravamen of an action brought under section 10(b) of the Securities Exchange Act of 1934 is fraud and that a state statute of limitations should not be permitted to narrow the filing time available under a broadly remedial federal act to a period less than the one available for

commencing a similar common-law action.

This language was, however, gratuitous, as the Court pointed out, and, furthermore, appeared in a case in which the applicability of the Florida Blue Sky statute was not considered.

Following the rationale of such cases as Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972) and Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), this Court finds that the Florida Statute applicable to Blue Sky actions in Florida, § 517.21, is the most appropriate statute to apply herein.

## WHEN DOES THE LIMITATIONS PERIOD BEGIN TO RUN?

As stated at the onset, the Federal Court must "borrow" the most applicable state limitations statute from the state in which the Court sits where, as here, the federal law contains no limitations period. Only the statute is borrowed, however. "In determining when the clock starts running for the purpose of applying a borrowed statute of limitations to a federally created remedy, federal, not state, law is controlling." Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967); Janigan v. Taylor, 344 F.2d 781, 784 (1st Cir. 1965).

In this Circuit, the "clock does not begin to run" until the violation is "discovered." "Discovery" as used herein means either actual knowledge of facts or notice of facts which, in the exercise of due diligence, would have led to actual knowledge of the violation. Goldenberg v. Bache & Co., 270 F.2d 675 (5th Cir. 1959); Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967); Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960).

## DEFENDANTS' MOTION TO DISMISS

In this instance, the plaintiffs' complaint alleges the month in which defendants Stokes and Stevens first contacted the plaintiffs and the months in which the allegedly false representations about Fluid Power stock were made. However, plaintiffs' complaint, paragraph 8, states that discovery of these false representations was made "subsequent to the purchases" of Fluid Power stock. The date of discovery is not alleged. Thus, even though this Court has ruled that § 517.21, Florida Statutes, F.S.A., the two-year limitations period is applicable herein, under the Fifth Circuit "discovery standard," it is not apparent from the face of the complaint when the two-years began to run; thus, defendants' motion to dismiss should be denied.

Furthermore, disposition of this question may not even be proper on a motion for summary judgment. The question of due diligence under this date of discovery standard may raise issues of fact which the trier of fact must determine. *See* Azalea Meats, Inc. v. Muscat, 386 F.2d 5, 9–10 (5th Cir. 1967). Thereupon, it is

Ordered and adjudged that defendants' motion to dismiss be and the same is hereby denied.