John E. JENNINGS and Helen M. Jennings, Appellants,

v.

BOENNING & COMPANY and Boenning & Scattergood, Inc.

Helen M. JENNINGS, Appellant

and

William L. O'Hey, Jr., Additional Appellant,

v.

BOENNING & COMPANY and Boenning & Scattergood, Inc.

No. 75–1186.

United States Court of Appeals, Third Circuit.

Argued Sept. 8, 1975.

Decided Oct. 1, 1975.

Edward Fackenthal, Henderson, Wetherill, O'Hey & Horsey, Norristown, Pa., for appellant.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for appellees.

OPINION OF THE COURT

Before ALDISERT, GIBBONS and WEIS, Circuit Judges.

PER CURIAM.

This appeal presents two issues: (1) whether the suit was time-barred by the applicable statute of limitations; and (2) if not so barred, whether this circuit should adopt the rule of *Pearlstein v. Scudder & German,* 429 F.2d 1136 (2d Cir. 1970), *cert. denied,* 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550 (1971), that an implied private cause of action lies for violations of Federal Reserve Board margin requirements. Because of our resolution of the first issue, we need not reach the second. We affirm the district court's holding that the suit is time-barred and, as we have done twice before,[1] we expressly decline to decide the validity of the *Pearlstein* doctrine in this circuit.

---

1. *Grove v. First National Bank,* 489 F.2d 512, 514–15 (3d Cir. 1973) (per curiam); *Jennings v. Boenning & Co.,* 482 F.2d 1128, 1131 (3d Cir.), *cert. denied,* 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973).

For our purposes, the facts of the case may be stated briefly. The complaint was filed on March 1, 1972.[2] The jury ultimately found that appellees violated Regulation T, 12 C.F.R. § 220.4(c), on February 18, 1966, by failing to sell certain bonds previously purchased for appellant. Following the verdict and upon proper post-trial motion, the district court held the claim barred by the statute of limitations. This appeal, timely noticed, followed.

The parties agree that, absent a directly applicable federal statute of limitations, the appropriate limitations period is six years, determined by resort to state law as a source of federal law. Appellant contests, however, the date from which the six-year period is to be measured. She contends March 1, 1966 —the date on which appellees made their first, tardy sale of the bonds—should be the starting point, because that was the first date her loss became fixed and measurable. The district court, on the other hand, held that the limitations period should be measured from February 18, 1966, when, as the jury found, appellees first violated Regulation T.

 We agree with so much of the district court's opinion as found that federal law determined the appropriate statute of limitations, albeit by resort to a state statute. We also agree with the district court's conclusion that the statute of limitations began to run from the date of the breach of the regulatory duty.

The district court explained in part:

Even though the Court determines that the applicable statute of limitations is a state statute, the law is clear that a U.S. District Court must apply Federal law in determining when the clock starts running on the federally created remedy. *Azalea Meats, Inc. v. Muscat*, 386 F.2d 5 (5th Cir. 1967);

*Janigan v. Taylor*, 344 F.2d 781 (1st Cir. 1965); *Josef's of Palm Beach, Inc. v. Southern Investment Co.*, 349 F.Supp. 1057 (S.D.Fla.1972); *McDonald v. Boslow*, 363 F.Supp. 493 (D.Md.1973). . . .

While not controlling, Pennsylvania law is helpful in deciding this issue. The general Pennsylvania rule as stated in 22 P.L.E. Limitation of Actions § 66 provides:

If a statute imposes a duty and gives a remedy for the failure to perform the duty, the statute of limitations begins to run on the failure to discharge the required duty.

Further in *Bell v. Brady*, 346 Pa. 666, 31 A.2d 547 (1943), the Pennsylvania Supreme Court held that a statutorily created cause of action accrues when one has the right to institute suit.

. . .

The jury specifically found that the defendant breached its statutory duty on February 18, 1966 by not canceling the transaction and selling the bonds. The plaintiff had an immediate right to sue for the damages she suffered as a result of the defendant's breach of duty on that day. The Court finds no support for the plaintiff's contention that she was required to wait until the defendant did in fact sell the bonds before she could institute suit. No evidence was presented that the plaintiff was unaware of the defendant Boenning's violation of Regulation T. Under the evidence presented in this case, the Court finds no reason to abandon the rule that the statute of limitations begins to run on the date the wrongful act is committed.

*Jennings v. Boenning & Co.*, 388 F.Supp. 1294, 1302 (E.D.Pa.1975) (footnote omitted). Because appellant did not commence this action until more than six years after the event that might have

---

**2.** Helen M. Jennings and her husband John E. Jennings filed the initial complaint. At the beginning of trial, John Jennings withdrew as a party plaintiff. Mrs. Jennings filed the Notice of Appeal. Subsequently, because of an intervening assignment of Mrs. Jennings'

claim, William L. O'Hey, Jr., was joined as an additional appellant. For the sake of simplicity and clarity, the terms "appellant" and "she" refer to the interest of Mrs. Jennings, now assigned to Mr. O'Hey.

generated a cause of action, the action is time-barred.

Accordingly, we conclude that even if the Regulation T violation gave appellant a cause of action under *Pearlstein* —an issue we find unnecessary to reach implicitly or explicitly—she could not recover in the circumstances of this case.

The judgment of the district court will be affirmed.