35118.   WEST LUMBER COMPANY *v.* ADERHOLD *et al.*

Decided June 2, 1954.

*Johnson, Hatcher & Meyerson,* for plaintiff in error.
*Harry E. Williams,* contra.

FELTON, C. J. The petition here was in effect two causes of action—one for a general judgment against the contractor, and the other to obtain a materialman's lien on the owner's property. Before a lien can be foreclosed for materials furnished to a contractor, there must be a valid judgment against the contractor for the price of the material (Code, Ann. Supp., § 67-2002, catchword "Contractor"), but the two actions may be brought concurrently. *Castleberry* v. *Johnston,* 92 *Ga.* 499 (17 S. E. 772); *Thurman* v. *Willingham,* 18 *Ga. App.* 395 (89 S. E. 442). Where the two actions are combined in the same petition, they are no more joint than when filed separately. In such a combined action neither defendant is concerned with the plaintiff's action against the other. The taking of a default judgment against the contractor without at the same time taking a judgment for a lien against the owner would not of itself preclude a later judgment for a lien against the owner. This is especially true when the owner files a demurrer to the petition as against him and separates the trials of the two issues involved. Moreover, the court in this case treated the case against the owner as still pending by ruling on the original demurrer. The case against the owner was still pending, and the petition against the owner contained enough to amend by (Code § 81-1301); and since the case was still pending and was not ended by the judgment against the contractor, the court erred in rejecting the amendment. And since the amendment perfected the cause of action against the owner, the court erred in sustaining the original demurrer to the original petition. The court should have allowed the amendment, which would have made the petition as amended good as against a renewed demurrer to the petition as amended.

*Judgment reversed. Quillian and Nichols, JJ., concur.*