## 19285

ROBESON-MARION DEVELOPMENT CO., INC., et al., Appellants, v. POWERS COMPANY, INC., Respondent

(183 S. E. (2d) 454)

584

*J. M. McLendon, Esq.,* of Marion, *for Appellants,*

*W. Kenneth Eaton, Jr., Esq., of McGowan, Nettles &
Kellar, P. A.,* of Florence, *for Respondent,*

September 7, 1971.

BRAILSFORD, Justice.

Respondent corporation contracted to buy within ninety days certain property which the appellants agreed to con-

vey free of liens and encumbrances. One day prior to the day set for closing, which coincided with the expiration of the term, the buyer informed the sellers that it would be unable to comply for lack of funds. The sellers brought this action seeking a declaration of their right to liquidated damages of $17,500.00, the earnest money originally deposited in escrow. The buyer counterclaimed for a return of its deposit on the ground that the sellers would have been unable to convey an unencumbered title in any case.

The dispositive portion of the contract of sale requires that "(u)pon closing and payment of the purchase price * * * the Owners must furnish (the buyer) with a general warranty deed, free and clear of all liens and encumbrances * * *." The trial judge correctly characterized the covenants embodied in this ordinary contract of sale as dependent and concurrent. Thus, while the buyer's admission that it could not perform absolved the sellers of their duty to tender a deed, it did not relieve them from proving that they stood ready, willing, and able to perform their part of the bargain at the appropriate time. *Parks v. Lyons,* 219 S. C. 40, 64 S. E. (2d) 123 (1951).

When the contract was signed, and throughout the ninety-day period following, the land involved was subject to a number of mortgages and other liens. According to the agreed statement of facts upon which the case was tried, the sellers would have been able to convey an unencumbered fee only by using the purchase money on the day of closing to satisfy the outstanding liens. The trial judge felt this circumstance to mean that the sellers were unable to perform concurrently with the buyer, and thus were not entitled to claim a forfeit of the earnest money. We disagree.

The buyer rightly contends that it was not required to accept an encumbered title, trusting to the good faith of the sellers to satisfy the liens at some future time. But neither were the sellers obligated to remove the liens prior to clos-

ing. The concurrent performances to which the parties were reciprocally entitled were not required to occur with literal simultaneity. The process of closing is, for this purpose, an integral transaction, though it may take hours or even days to complete. "This is the theory upon which all so-called "three-cornered" settlements rest, and it is sound in principle as well as essential in practice. It does not depend for its validity upon custom." *Kadow v. Cronin,* 97 N. J. L. 301, 303, 116 A. 427, 428 (1922). So long as the seller is prepared with the use of the purchase money to obtain substantially contemporaneous release of the outstanding liens, he has the ability on that score to render performance concurrently with the buyer.

This sensible interpretation appears to be the majority rule whether the remedy sought be damages for breach or specific performance, Annot, 57 A. L. R. 1377, 1383 (1928); 8A G. Thompson, Modern Law of Real Property, Sec. 4484 (1963); *Webb v. Consolidated Oil Co.,* 100 F. (2d) 865 (5th Cir. 1939), and cases cited at 866. See, *e.g., Harrington v. Heaney,* 101 A. (2d) 838 (D. C. Mun. App. 1953).

The sellers were therefore entitled to the liquidated damages they sought.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.