### 31052. WALL v. BENNINGFIELD et al.

HALL, Justice.

Wall sued his former client, Benningfield, and one Dearing for attorney fees, damages and additional relief. The theory of the complaint was that defendants had conspired to defeat Wall's valid claim for attorney fees by entering a notation of satisfaction on a fi. fa. when no actual satisfaction was recovered by Benningfield. Presumably, Wall had hoped to collect the judgment and become entitled to attorney fees therefor under a contingent fee contract between him and Benningfield.

When the matter came on for trial, a jury of six persons was impaneled pursuant to Code Ann. §§ 59-703 and 59-704; evidence was presented; and the trial court directed a verdict for defendants. Wall appeals.

The appeal has come to this court because Wall attacks the constitutionality of the statute authorizing the use of the 6-person jury, and also seeks the equitable relief of cancellation of the satisfaction of the fi. fa. Because it is unnecessary to do so, we express no opinion on whether a cause of action for cancellation has been

stated in light of the fact that the only defendants named in the suit were Benningfield and Dearing. See *Pritchett v. Ellis,* 201 Ga. 809 (41 SE2d 402) (1947).

Wall admits that the contingent fee contract was only entered into after the judgment was taken, and that a prior fee had been applicable to his work in reducing the claim to judgment. This fact distinguishes *Little v. Sexton,* 89 Ga. 411 (15 SE 490) (1891), and *Camp v. U. S. F. & G. Co.,* 42 Ga. App. 653 (157 SE 209) (1931), and shows the inapplicability here of the attorney's lien under Code Ann. § 9-613 (2).

Review of the record shows that the evidence fully supported the trial court's ruling that as a matter of law Wall had failed to prove a cause of action against defendants for denying him anything to which he was entitled under the agreement or in quantum meruit.

In light of the fact that the directed verdict was proper, it is unnecessary to consider the argument raised here concerning the alleged unconstitutionality of the jury panel.

Though Mrs. Dearing's failure to file a timely answer placed her in default, she is liable for nothing because Wall's action against her for conspiracy was ex delicto; his claim was correctly ruled to be without merit, and no damages were proved. Code Ann. § 81A-155 (a).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1976 — DECIDED JUNE 9, 1976 —
REHEARING DENIED JUNE 30, 1976.

Thomas Hylmon Wall, III, *pro se.*
*Nixon & Nixon, Jon A. Nixon, Arthur H. Clarke,* for appellees.