31959. DEHLER et al. v. SETLIFF et al.

Nichols, Chief Justice.

Appellants filed suit against Golden Age Retirement, Inc. and two of its officers, Setliff and Williams, seeking to recover the purchase price of certain securities allegedly issued by Golden Age in violation of the Georgia Securities Act and purchased in reliance on

---

[1] See, e. g., *Lockhart v. Lockhart,* 211 Ga. 482 (1) (86 SE2d 297) (1955); *Harmon v. Harmon,* 209 Ga. 474 (3, 4) (74 SE2d 75) (1953).

false representations as to the company's financial condition. They also sought to set aside an order of the Commissioner of Securities exempting the securities from registration and to set aside a default judgment obtained by defendant Williams against the corporation in a suit for back salary.

The trial court granted defendant Setliff's motion to dismiss for failure to state a claim and directed that judgment be entered in his favor pursuant to Code Ann. § 81A-154 (b). Code Ann. § 81A-154 (b) provides that: "[t]he court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The action remains pending against the other two defendants. The plaintiffs appealed from this judgment without obtaining a certificate of immediate review or filing an application for interlocutory appeal.

1. After a trial court enters judgment pursuant to Code Ann. § 81A-154 (b), a determination must be made as to whether the cause of action is joint or several. *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6) (1974).

Code Ann. § 6-701 (a) provides in pertinent part that: "Appeals may be taken to the Supreme Court and Court of Appeals . . . 1. Where the judgment is final — that is to say where the cause is no longer pending in the court below." This court recently held in *Sanders v. Culpepper,* 226 Ga. 598, 600 (176 SE2d 83) (1970) that: "[W]here several defendants are sued jointly on a joint cause of action, and there is a final dismissal [under Code Ann. § 81A-154 (b)] as to some of the defendants, the judgment of dismissal cannot be reviewed until the final termination of the action; but where several defendants are sued jointly, but not on a joint cause of action, the judgment of dismissal is such a final judgment as can be reviewed immediately. [Cits.] See *J. C. Penney Company v. Malouf Co.,* 125 Ga. App. 832 (1) (189 SE2d 453) (1972).

A cause of action is several, as opposed to joint, when the underlying legal theories which comprise the cause of action against the defendants are different. For example, a joint and several cause of action exists when a holder of a note sues a corporation for default and also sues the

principal officer of the corporation for any deficiency upon the theory that the assets of the corporation have been converted to the personal use of the corporate officer. *Millers Nat. Ins. Co. v. Hatcher,* 194 Ga. 449 (1) (22 SE2d 99) (1942). The fact that identical relief is demanded of several defendants does not make an otherwise several cause of action "joint," if the legal theories against the individual defendants are dissimilar. See *Johnson v. Motor Contract Co.,* 186 Ga. 466 (198 SE 59) (1938).

In the case sub judice, the cause of action was several. The plaintiff sets forth in his complaint against the defendant Williams a cause of action for fraud; the cause of action set forth against defendant Setliff is for gross negligence. The legal theories being different, the cause of action is several. Therefore, since the cause of action is several and since the trial court entered a judgment under Code Ann. § 81A-154 (b), the order sustaining the defendant's motion to dismiss is properly appealable.

2. Notwithstanding the fact that the trial court's judgment as to the defendant Setliff is final and appealable, jurisdiction does not lie in this court. Although one cause of action set forth in plaintiff's complaint is equitable in nature, "the equitable relief prayed for in the petition is not in issue on this appeal." *Kingsbury v. Exxon Co., U. S. A.,* 234 Ga. 144 (215 SE2d 1) (1975); *Bonny Corp. v. McCarthy,* 227 Ga. 460 (181 SE2d 370) (1971).

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED MARCH 22, 1977 — DECIDED MAY 13, 1977.

*Roy J. Leite, Jr.,* for appellants.
*Ross & Finch, A. Russell Blank, Alton F. Milam,* for appellees.