54515. DEHLER et al. v. SETLIFF et al.

WEBB, Judge.

This case comes to us by transfer from the Supreme Court, *Dehler v. Setliff,* 239 Ga. 19 (235 SE2d 540) (1977).

Additional facts in the record are that the complained-of securities sales were made on April 16, May 2 and October 5, 1973. The action was filed June 24, 1976. One of the grounds for Setliff's motion to dismiss was the expiration of the applicable statute of limitation. The motion was granted with no specification in the order as to the ground upon which it was granted.

The cause of action set forth against Setliff was for gross negligence in failing to discover and communicate to plaintiffs the true facts and circumstances surrounding Golden Age Retirement, Inc. *Dehler v. Setliff,* 239 Ga. 19, 21, supra. Even assuming that such a duty could be established, it would arise solely by virtue of the Georgia Securities Act as it existed at the time of the sales involved here. No action to recover the purchase price of a security in violation of the Georgia Securities Act shall be brought after two years from the date of such sale or contract for sale. Georgia Securities Act, § 13 (a) (Ga. L. 1957, pp. 134, 161).[1] Thus that provision is dispositive of the issue, regardless of any common law recovery plaintiffs might pursue, and we affirm.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*[2]

ARGUED SEPTEMBER 8, 1977 — DECIDED SEPTEMBER 22, 1977 — REHEARING DENIED OCTOBER 5, 1977 — 

*Roy J. Leite, Jr.,* for appellants.
*Ross & Finch, A. Russell Blank,* for appellees.
John H. Williams, Jr., *pro se.*

---

[1] Georgia Securities Act of 1973 (Ga. L. 1973, pp. 1202, 1250; Code Ann. §§ 97-101, 97-114 (c)) did not become effective until April 1, 1974, but the two-year limitation period is in both Acts. See Mooney v. Tallent, 397 F Supp. 680 (DCND Ga. 1975).

[2] For a companion case see *Dehler v. Golden Age Retirement, Inc.,* 133 Ga. App. 322 (211 SE2d 199) (1974).