### 60769. STASCO MECHANICAL CONTRACTORS, INC. v. WILLIAMSON et al.

POPE, Judge.

Stasco Mechanical Contractors, Inc. (Stasco) filed this action against Lialette Peek, James Peek, Q. V. Williamson and Q. V. Williamson Realty & Company, Inc. (Realty) to recover $6,101.24 in unliquidated damages under two contracts for repairs made on the Marquis Apartments plus attorney fees. Stasco also sought and was granted a special lien on the property. Before trial of the case, counsel for Williamson and Realty moved to strike their defensive pleadings as having been filed without authority. Although the trial court informed counsel that the case would be in default as to those defendants, counsel renewed his motion. The trial court then ordered the defensive pleadings stricken and adjudged the case to be in default as to Williamson and Realty.

Upon motion by Stasco, the trial court rendered a judgment on the pleadings against defendants Lialette Peek and James Peek as to the issue of liability only. The remaining issues were tried by the court without the intervention of a jury. The court made the following findings of fact and conclusions of law: that Lialette Peek was the owner of the Marquis Apartments; that James Peek was employed by her to operate and manage those apartments; that Stasco entered into two contracts with James Peek for improvements to be made on the Marquis Apartments and that these contracts were substantially complied with by Stasco; that Stasco had complied with the requirements of Code Ch. 67-20 in establishing its materialmen's lien; and that Stasco was entitled to recover $5,697.92 on the contracts and $2,350.00 in attorney fees against Lialette Peek and James Peek. Notwithstanding the earlier adjudication of default, the trial court ordered and adjudged that "considering the testimony and evidence introduced at trial . . . Defendants [Williamson and Realty] are hereby granted a directed verdict in their favor and the case is hereby dismissed as to them." Stasco appeals; we reverse.

Since Williamson and Realty did not answer the complaint, their default operated as an admission of their joint and several liability as to the contracts and attorney fees. *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498 (1) (241 SE2d 210) (1978); see *Gregson v. Webb,* 143 Ga. App. 577 (3) (239 SE2d 230) (1977). The only issue

which remained to be determined as to defendants Williamson and Realty was the amount, if any, of the damages and attorney fees. *Flanders v. Hill Aircraft & Leasing Corp.,* 137 Ga. App. 286, 287 (223 SE2d 482) (1976); see *Young v. John Deere Plow Co.,* 102 Ga. App. 132 (2b) (115 SE2d 770) (1960). See generally CPA § 55(a) (Code Ann. § 81A-155(a)).

"If ... the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants — both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on the merits or that he has no present right of recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal to him, the complaint should be dismissed as to all of the defendants — both the defaulting and the non-defaulting defendants." 6 Moore's Federal Practice ¶ 55.06, at 55-81 (2d ed. 1976); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2690 (1973); *Wall v. Benningfield,* 237 Ga. 173 (227 SE2d 13) (1976).

In its complaint Stasco alleged that it was hired "at the instance of" James Peek, Williamson and Realty to correct plumbing and electrical deficiencies at the Marquis Apartments and that these three defendants were all agents for Lialette Peek, the owner, and "charged with authority to collect rents, and maintain and repair [said apartments] in the Owner's behalf." "Where the agency is known, and the credit is not expressly given to the agent[s], [they] shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." Code § 4-406. There is no trial transcript in the record; therefore, "we must presume the findings of the trial court [as trier of fact] are supported by the evidence." *Denson v. Sanders,* 155 Ga. App. 583, 585 (2) (271 SE2d 715) (1980). Inasmuch as the trial court found James Peek personally liable for damages under the contract and for attorney fees, Stasco was entitled to a judgment against the defaulting defendants Williamson and Realty as well as James Peek. See *Wall v. Benningfield,* supra; cf. *Nix v. Luke,* 96 Ga. App. 123 (99 SE2d 446) (1957). Compare *Lynn v. Miller Lumber Co.,* 146 Ga. App. 230 (1) (246 SE2d 137) (1978) which held that one who had furnished materials pursuant to a relationship with a contractor but who had no contractual relationship with the owner of the property was not

entitled to a general judgment *against the owner* for material furnished.

Under the circumstances in this case, the trial court erred in directing a verdict in favor of and dismissing the case as to Q. V. Williamson and Q. V. Williamson Realty & Company, Inc.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 17, 1981.

*J. D. Humphries III,* for appellant.
*Linwood R. Slayton, Jr., Theodore T. Lowe, Jr.,* for appellees.