69149. OCULUS CORPORATION v. FRED CHENOWETH
EQUIPMENT COMPANY.
(323 SE2d 836)

BANKE, Presiding Judge.

The appellee, Fred Chenoweth Equipment Company (Chenoweth), obtained a default judgment against the appellant, Oculus Corporation, in this action to recover an alleged indebtedness for material and equipment furnished to Oculus in the course of the latter's performance of a subcontract on a hydroelectric project. The action remains pending against two other named defendants, Deepwater Turnco and Aetna Casualty & Surety Company (Aetna), based on their execution of a bond to discharge a materialman's lien previously filed by Chenoweth. On appeal, Oculus contends that the trial court erred both in denying its motion to open the default pursuant to OCGA § 9-11-55 (b) and in entering judgment on the default prior to an adjudication of the liability of the non-defaulting defendants.

The original complaint, which was filed on July 13, 1983, named only Deepwater Turnco and Aetna as defendants; however, in October of 1983, Chenoweth moved for and was granted permission to add Oculus as a defendant. Oculus was served on October 14, 1983, by delivery of a copy of the complaint and summons to C. T. Corporation Systems, its registered agent for service of process in Georgia. Oculus filed its answer and counterclaim 45 days later, on November 11, 1983, but did not tender payment of court costs as required by OCGA § 9-11-55 (a). On December 22, 1983, Chenoweth moved the court to strike Oculus' defensive pleadings and enter a default judgment against it. The trial court granted this motion on February 2, 1984, following a hearing at which Oculus did not appear. The court did not, however, direct at this time that the default judgment be considered final pursuant to OCGA § 9-11-54 (b).

On March 1, 1984, Oculus filed a motion to vacate the judgment and open the default, explaining that it had not filed its defensive pleading in a timely manner because of financial inability to retain

counsel and that it had not tendered payment of the court costs with the pleadings because it was "unfamiliar with the requirement that it should have paid at that time the then accumulated costs." Regarding its failure to appear at the hearing on Chenoweth's motion to strike, Oculus' president explained in an accompanying affidavit that although a copy of the motion was received in the mail, "for some unknown reason I did not see the motion or otherwise know it was set for hearing . . ." The trial court denied the motion to set aside the judgment and, based on a determination that there was no just reason for delay, directed that the judgment be considered final. This appeal followed. *Held*:

1. We reject Chenoweth's contention that the motion to open the default was untimely because judgment had already been entered on the default at the time the motion was filed. Pursuant to OCGA § 9-11-55 (b), the trial court may allow a default to be opened "[a]t any time before *final* judgment . . ." (Emphasis supplied.) In accordance with OCGA § 9-11-54 (b), a judgment adjudicating fewer than all the claims in a case is not considered final unless there has been "an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." See *Walker v. Robinson*, 232 Ga. 361 (207 SE2d 6) (1974). Accord *Dehler v. Setliff*, 239 Ga. 19 (235 SE2d 540) (1977). Since the trial court had made no such determination in this case at the time the motion to open default was filed, no final judgment had been entered.

2. Assuming the other requirements of OCGA § 9-11-55 (b) have been met, a trial court may exercise its discretion to open a default only upon a showing of providential cause, excusable neglect, or a "proper case." See *Copeland v. Carter*, 247 Ga. 542, 543 (277 SE2d 500) (1981). Clearly, the reasons advanced by Oculus to justify the opening of the default in this case, i.e., its financial inability to hire an attorney and its ignorance of the law requiring payment of costs, did not constitute such a showing. Accord *Tidwell v. Cherokee Culvert Co.*, 168 Ga. App. 613 (2) (310 SE2d 15) (1983); *Millholland v. Stewart*, 166 Ga. App. 431 (1) (304 SE2d 533) (1983); *Dukes v. Burke*, 139 Ga. App. 583 (2) (228 SE2d 729) (1976). Furthermore, the motion did not set forth a meritorious defense to the claim under oath, as required by OCGA § 9-11-55 (b), and absent compliance with this requirement, it has been held that the trial court is without discretion to open a default. See *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274, 275-276 (293 SE2d 481) (1982), and cases cited therein. It follows that the trial court did not err in denying the motion to open the default.

3. The trial court erred, however, in entering a final judgment against Oculus based on the default. In *Stasco Mechanical Contractors v. Williamson*, 157 Ga. App. 545, 546 (278 SE2d 127) (1981), this

court held: " 'If . . . the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants — both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on the merits or that he has no present right of recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal to him, the complaint should be dismissed as to all of the defendants — both the defaulting and the non-defaulting defendants.' 6 Moore's Federal Practice § 55.06, at 55-81 (2d ed. 1976); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2690 (1973); *Wall v. Benningfield*, 237 Ga. 173 (227 SE2d 13) (1976)."

Generally speaking, the alleged liability of the defendants in a particular case is joint unless there is some rational basis for apportioning the alleged damages among them. See *Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421) (1974), aff'd *Mitchell v. Gilson*, 233 Ga. 453 (211 SE2d 744) (1975); *Ga. Farm Bldgs., Inc. v. Willard*, 170 Ga. App. 327, 331 (317 SE2d 229) (1984). In the present case, there clearly is no basis for such an apportionment. Rather, the liability of the non-defaulting defendants on their bond is totally dependent on, among other things, the validity of Chenoweth's underlying claim against Oculus, which Chenoweth will be required to prove in order to recover on the bond. See generally *Jackson's Mill & Lumber Co. v. Holliday*, 108 Ga. App. 663 (4) (134 SE2d 563) (1963). This burden of proof is not lessened by Oculus' default, since " 'an admission predicated upon a default is operative against the particular party who makes default, and does not bind a co-defendant who appears and contests the litigation.' " *Peek v. Sou. Guaranty Ins. Co.*, 240 Ga. 498, 499 (241 SE2d 210) (1978). Since, under *Stasco*, supra, a judgment in favor of the non-defaulting defendants based on a failure to prove the validity of the underlying claim against Oculus would require the entry of judgment in favor of all the defendants, including Oculus, that portion of the court's order directing entry of final judgment against Oculus is hereby reversed. The Supreme Court's decision in *Dehler v. Setliff*, 239 Ga. 19, supra, is not authority for a contrary holding, as the appeal there was not from a default judgment but from the grant of a motion to dismiss in favor of one of the co-defendants. Nor does this court's decision in *West Lumber Co. v. Aderhold*, 90 Ga. App. 255 (82 SE2d 670) (1954), require a contrary result. The holding there was merely that the taking of a default judgment against the contractor without at the same time taking a judgment for a lien against the

owner would not in and of itself preclude a later judgment for a lien against the owner.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 18, 1984 —
REHEARING DENIED NOVEMBER 8, 1984

*Nolan B. Harmon, Karsten Bicknese,* for appellant.

*James E. Humes II, John W. Denney, James R. Lewis, Willis C. Darby, Jr.,* for appellee.