## 41777. FRED CHENOWETH EQUIPMENT COMPANY v. OCULUS CORPORATION.
### (328 SE2d 539)

GREGORY, Justice.

We granted certiorari to review Division 3 of the Court of Appeals opinion in *Oculus Corp. v. Fred Chenoweth Equipment Co.,* 172 Ga. App. 547 (323 SE2d 836) (1984). Division 3 held the trial court erred by entering final judgment against Oculus Corporation (Oculus), one of three defendants, while the action remained pending against the other two. We reverse.

Deepwater Turnco (Deepwater) was the general contractor for the Bartletts' Ferry Hydroelectric Project to construct a dam across the Chattahoochee River on land owned by Georgia Power Company (Georgia Power). Oculus was a subcontractor which obtained equipment and materials from Fred Chenoweth Equipment Company (Chenoweth). Chenoweth claimed Oculus failed to pay the bill for equipment and materials and therefore filed a lien against the real estate of Georgia Power. To remove the lien Deepwater, along with its surety, The Aetna Casualty and Surety Company (Aetna), substituted a bond. Chenoweth then filed suit which, as amended, claimed an indebtedness of $61,987.89 against the three defendants. Oculus was alleged to be liable on its contract, and Deepwater and Aetna on the bond. Oculus failed to timely answer the complaint and the trial court entered default judgment for $61,987.89 plus interest against Oculus. The judgment was expressly declared to be final and subject to appeal under OCGA § 5-6-34. ("Judgments and rulings deemed directly appealable . . ." as opposed to OCGA § 5-6-35. "Cases in which application for appeal required . . .") Oculus appealed and this part of the trial court's judgment was reversed by the Court of Appeals.

In reversing the trial court the Court of Appeals relied on the principle found in its prior opinion in *Stasco Mechanical Contractors v. Williamson,* 157 Ga. App. 545, 546 (278 SE2d 127) (1981). "If . . . the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants — both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on the merits or that he has no present right of

recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal to him, the complaint should be dismissed as to all of the defendants — both the defaulting and the non-defaulting defendants." This rule was adopted from 6 Moore's Federal Practice, ¶ 55.06, at 55-81 (2d ed. 1976) and from 10 Wright & Miller, Federal Practice and Procedure: Civil, § 2690 (1973). Both these works credit the opinion of the U. S. Supreme Court in *Frow v. De La Vega*, 15 Wall. 552, 21 LE 60 (1872) as the source of the rule.

It is the position of Chenoweth that the Court of Appeals erred in failing to recognize there are two separate causes of action in this case and therefore no joint liability. One is the cause of action against Oculus on the contract for equipment and materials, and the other is the cause of action against Deepwater and Aetna on the bond. In support of this view Chenoweth cites *West Lumber Co. v. Aderhold*, 90 Ga. App. 255 (82 SE2d 670) (1954). Chenoweth says the opinions relied upon by the Court of Appeals all deal with but one cause of action in tort against joint tortfeasors. *Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421) (1974), affd., *Mitchell v. Gilson*, 233 Ga. 453 (211 SE2d 774) (1975); *Ga. Farm Bldgs., Inc. v. Willard*, 170 Ga. App. 327 (317 SE2d 229) (1984). Chenoweth also contends the amount owed under the bond might differ from the amount owed on the contract because it may be that some but not all items covered by the contract entitle one to a lien, and this destroys joint liability.

If the premise of the rule regarding default judgments in cases of joint liability is accepted, it should apply with equal force here even if liability is not joint. That premise, as stated in *Frow*, supra, was that an absurdity occurred where a single issue was decided in conflicting ways in two judgments rendered in one case. Whether or not the liability is joint here, the issue of indebtedness on the contract exists in the claim against Oculus and it exists in the claim on the bond. It could be decided differently on each claim. We reject the premise and the rule it established, and therefore find it unnecessary to analyze Chenoweth's several contentions, basing our opinion instead on the rejection of the defaulting-joint-defendant rule.

In *Frow*, supra, the plaintiff alleged eight defendants jointly conspired to defraud him of his land in Texas. One defendant failed to file a timely answer and the federal district court entered a final judgment against him. Later the merits of the claim were reached and decided in favor of the other defendants. When the case reached the U. S. Supreme Court its result was viewed as absurd. In a single case in a single court against multiple joint defendants a single issue was resolved one way by one judgment and the opposite way by another judgment. That is, the issue was whether there was joint fraud among the defendants. The default judgment determined there was joint fraud while the judgment in favor of seven defendants determined

there was no joint fraud. The Court then laid down the rule relied upon by the Court of Appeals to avoid the absurdity. We view the matter differently and decline to follow that rule.[1] Considering the case before us, the default judgment against Oculus did not reach the merits of the claim on the contract. The default judgment merely determined that Oculus failed to follow the procedural requirement that a timely answer be filed. The consequence of this failure was that judgment was entered against Oculus. When the claim against Deepwater and Aetna on their bond is pursued in the trial court it will be necessary to decide the merits of the contract claim because there is no liability on the bond unless there is first liability on the contract. Should it be determined Oculus has no liability on the contract we view this as neither absurd nor inconsistent with the default judgment against Oculus. Oculus suffered judgment because of its failure to answer the complaint and was therefore denied an opportunity to litigate the merits. This is no less than and no greater than the harshness existing in a default judgment against a single defendant. The merits are not reached because of the default. It may be the other defendants will go on to prevail on the merits but we do not think this should relieve Oculus of its default.

The trial court ascertained Oculus was in default, considered Rule 54 (b) of the Civil Practice Act,[2] correctly determined there was no just reason for delay and entered final judgment against Oculus. This was the correct procedure.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 16, 1985 —
REHEARING DENIED MAY 10, 1985.

*Hatcher, Stubbs, Land, Hollis & Rothschild, James E. Humes II,* for appellant.

*Karsten, Bicknese, James R. Lewis, Willis C. Darby, Jr., John W. Denney,* for appellee.

---

[1] The continuing force of *Frow* under the Federal Rules of Civil Procedure has been questioned. *Intl. Controls Corp. v. Vesco,* 535 F2d 742 (1976), footnote 4.

[2] OCGA § 9-11-54 (b). "Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."