S07A1480. LORD et al. v. HOLLAND.

(655 SE2d 602)

THOMPSON, Justice.

This title dispute concerns property originally owned by Frankie Lord O'Kelley, who died on April 4, 1998. Plaintiff, Chiquita Holland, is Ms. O'Kelley's daughter; defendants, Thomas Lord, Jr., and Thomas Lord III, are Ms. O'Kelley's son and grandson. Plaintiff claims title to the property under a deed dated June 28, 1995 and filed April 3, 1998 — the afternoon before Ms. O'Kelley died. Each defendant claims a one-half undivided interest in the property under a deed dated February 19, 1998 and filed February 26, 1998.

Plaintiff filed suit against defendants, alleging they obtained their deed by "trickery or artifice," and seeking cancellation of their deed "under the doctrine of quia timet" and the ejectment of Lord III. A copy of plaintiff's deed was attached to the complaint and incorporated by reference. The deed describes the property as follows:

> All that tract of parcel of land lying and being in ___ of Parker Road joining Thomas Howard Lord, Jr. tax District 101, District 08, Land Lot 033, Hall County. Approximately 15 (fifteen) acres, more or less, joining lands of United States government and United Cities Gas Company and Thomas Howard Lord, Jr.

Lord, Jr., filed a timely answer; Lord III, was served by publication, but did not answer. Thereupon, the trial court entered a default judgment against Lord III. It cancelled Lord III's deed, insofar as that instrument conveyed a one-half undivided interest in the property to him, and it awarded Lord III's interest in the property to plaintiff.[1]

Thereafter, plaintiff filed an amended complaint, seeking, inter alia, to reform her deed to include an adequate description of the property. Lord III moved to open the default, asserting, inter alia, he was entitled to file an answer in light of the amendment to the complaint. The motion to open the default was denied.

---

[1] However, the trial court did not direct the entry of a final judgment as to this claim. See OCGA § 9-11-54 (b).

The case was tried to a jury to determine whether Ms. O'Kelley intended to give the property to plaintiff or Lord, Jr. In this regard, the trial court instructed the jury:

[O]nce a donor has given a valid gift, the donor has no more ownership over that property or the object of the gift and, therefore, once a gift is given, the donor cannot make a valid gift of the same property to another person or to another donee. Therefore, the deceased in this case, Ms. O'Kelley, you're going to have to determine her intent as follows. Whether or not she intended to give the property by valid deed to Ms. Holland or whether or not she intended to give the property to Mr. Thomas Howard Lord, Jr. by lawful deed. You're going to have to determine which of those two were valid, which came first and you have to decide when Ms. O'Kelley decided to divest herself of the ownership of the property in question by the gift.

The trial court also instructed the jury:

[I]n cases of this nature, the acceptance of a deed of gift is sufficient to transfer possession of the land. It's impossible to go out and pick up the land and deliver it. . . . So if the deed adequately describes the property in question, the acceptance of the deed is an acceptance of the land itself.

After beginning to deliberate, the jury asked the trial court to explain the concept of an "undivided one-half interest" in real estate and inquired as to what would happen to the interests of the parties if it found in favor of plaintiff or Lord, Jr. The trial court replied, inter alia, that at that point in time, plaintiff owned a one-half interest in the property and so did Lord, Jr. (This conclusion was based on the entry of the default judgment against Lord III.) The trial court added that if the jury found for plaintiff, she would be entitled to all of the property; and if the jury found for Lord, Jr., plaintiff would have an undivided one-half interest and Lord, Jr., would have a one-half undivided interest.

The trial court determined that the issue of reformation of the plaintiff's deed need not be decided unless the jury found in favor of Lord, Jr. Following deliberations, the jury returned a verdict in favor of plaintiff and judgment was entered accordingly. Thus, the reformation issue was not submitted to the jury or otherwise decided by the trial court. Nevertheless, the judgment included a full legal

description of the property which was different from that set forth in plaintiff's deed. In addition, the judgment ordered the cancellation of defendants' deed.

Defendants moved for a judgment n.o.v., or, in the alternative, for a new trial. The motions were denied and defendants appealed.

> 1. One essential of a deed is that the description of the premises sought to be thereby conveyed must be sufficiently full and definite to afford means of identification. While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor.

*Crawford v. Verner*, 122 Ga. 814 (1) (50 SE 958) (1905). The description set forth in plaintiff's deed did not include a beginning point or other specifications enabling one to definitively locate the property to be conveyed. *Conyers v. West*, 210 Ga. 190, 192 (78 SE2d 422) (1953); *Crawford v. Verner*, supra. It follows that plaintiff's deed was invalid and that the trial court erred in denying the motion for a judgment n.o.v. or a new trial.

2. Defendants assert the trial court erred in refusing to open the default judgment entered against Lord III because the liability of defendants is alleged to be joint and, as pointed out in Division 1, plaintiff was unable to prove her case against Lord, Jr., the nondefaulting defendant. This assertion is based upon the following principle of law found in *Stasco Mechanical Contractors v. Williams*, 157 Ga. App. 545, 546 (278 SE2d 127) (1981):

> "If . . . the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants — both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on the merits or that he has no present right of recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal to him, the complaint should be dismissed as to all of the defendants — both the defaulting and the non-defaulting defendants." 6 Moore's Federal practice para. 55.06, at 55-81 (2d ed. 1976); 10 Wright & Miller, Federal

Practice and Procedure: Civil § 2690 (1973); *Wall v. Benning-field*, 237 Ga. 173 (227 SE2d 13) (1976).

The Court of Appeals relied on this principle in *Oculus Corp. v. Fred Chenoweth Equip. Co.*, 172 Ga. App. 547 (323 SE2d 836) (1984). In that construction case, plaintiff, a supplier, sued three defendants: Oculus, a subcontractor, which was alleged to be liable on its contract, and Deepwater, the general contractor, and Aetna, its surety, which were said to be liable on a bond. Oculus failed to file a timely answer and a default judgment was entered against it. The judgment was expressly declared to be final and Oculus appealed. The Court of Appeals reversed the entry of final judgment against Oculus, finding that generally speaking, liability is joint, that the liability of the three defendants could not be apportioned, and that, under the principle set forth in *Stasco*, the entry of judgment against Oculus should await adjudication of the liability of the nondefaulting defendants. This Court granted certiorari and reversed, finding no just reason to delay the entry of final judgment against Oculus. *Fred Chenoweth Equip. Co. v. Oculus Corp.*, 254 Ga. 321 (328 SE2d 539) (1985). In so doing, this Court avoided the question of joint liability vel non by declining to follow the defaulting-joint-defendant rule:

> If the premise of the rule regarding default judgments in cases of joint liability is accepted, it should apply with equal force here even if liability is not joint. That premise . . . was that an absurdity occurred where a single issue was decided in conflicting ways in two judgments rendered in one case. Whether or not the liability is joint here, the issue of indebtedness on the contract exists in the claim against Oculus and it exists in the claim on the bond. It could be decided differently on each claim. We reject the premise and the rule it established, and therefore find it unnecessary to analyze Chenoweth's several contentions, basing our opinion instead on the rejection of the defaulting-joint-defendant rule.

We will not revisit the *Fred Chenoweth* decision insofar as it pertains to defaulting joint defendants in a breach of contract case. In this case, however, plaintiff seeks to recover land in which defendants claim an undivided interest based on a common deed. In a case such as this, application of the defaulting-joint-defendant theory makes perfect sense. As the Court of Appeals of New Mexico observed:

> This theory is especially germane here·since plaintiffs failed to prove any sort of title in their quiet title action. Therefore, they should not have been allowed to obtain a default

judgment quieting title to any part of the property. In a quiet title action, a plaintiff must recover on the strength of his own title or not at all. [Cit.] Plaintiffs should not have been allowed to obtain a default judgment against defendant, whose ownership and possessory interests were equal to those of his wife, who successfully defended against the quiet title action.

*Blea v. Sandoval*, 761 P2d 432, 437 (N.M. 1988).

Here, as in *Blea*, plaintiff should not be allowed to obtain a default judgment quieting title to Lord III's undivided interest in the property. Plaintiff was required to recover against both defendants on the strength of her own title. Thus, Lord, Jr.'s successful defense against plaintiff's action inured to the benefit of Lord III. Id. It follows that the trial court erred in refusing to open the default judgment entered against Lord III.

3. Because the trial court erred in denying defendants' motion for judgment n.o.v., the judgment is reversed. However, to enable plaintiff to present her claim for reformation of her deed, the trial court is directed to determine whether a new trial should be granted. OCGA § 9-11-50 (d).

*Judgment reversed with direction. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*William S. Hardman*, for appellant.
Chiquita Holland, *pro se.*