**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Oliver Grady Query, and the Estate of Grady W. Query, by its Personal Representative, Oliver Grady Query, Respondents-Appellants,

v.

Ladislao Castrejon, Alberto Lozano and Jesus Brito, Defendants,

Of whom Ladislao Castrejon is the Appellant-Respondent,

And Jesus Brito is the Respondent.

Appellate Case No. 2014-001041

———————————

Appeal From Lexington County
James O. Spence, Master-in-Equity

———————————

Unpublished Opinion No. 2016-UP-292
Heard April 19, 2016 – Filed June 15, 2016

———————————

**AFFIRMED**

———————————

Allen Bullard, of Montgomery Willard, LLC, of Columbia, for Appellant-Respondent.

Mark Evans, of Charleston, for Respondents-Appellants.

───────────

**PER CURIAM:** Appellant-Respondent Ladislao Castrejon appeals the master-in-equity's April 4, 2014 order, arguing the master erred in failing to find a contract for the sale of property scheduled to close in September 2008 was unenforceable because it violated the statute of frauds. Respondent-Appellant Oliver Grady Query cross-appeals from the master's April 4, 2014 order, arguing the master erred in (1) finding Castrejon's contractual obligation to purchase the property was excused by his inability to obtain financing for the down payment, and (2) failing to find Castrejon's breach of the contract was not excused because of the presence of an existing mortgage on the property. Additionally, Query appeals the master's August 29, 2014 order, arguing the master erred in failing to enter a default judgment against Respondent Jesus Brito.

1. We find there is evidence reasonably supporting the master's finding that Castrejon was excused from proceeding with the sale because Query would have been unable to convey marketable title free of encumbrances. *See McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("An action to construe a contract is an action at law. In an action at law, tried without a jury, the trial court's findings of fact will not be disturbed unless found to be without evidence which reasonably supports the court's findings." (citation omitted)). The contract contained a provision stating, "Seller agrees to convey marketable title and to have prepared a proper statutory warranty deed free of encumbrances, except as herein stated." *See Ecclesiastes Prod. Ministries v. Outparcel Assocs.*, 374 S.C. 483, 497, 649 S.E.2d 494, 501 (Ct. App. 2007) ("The parties' intention must, in the first instance, be derived from the language of the contract."). However, the contract did not exclude or otherwise mention the existing mortgage, which was an encumbrance. *See Encumbrance*, *Black's Law Dictionary* (10th ed. 2014) (defining encumbrance as a "claim or liability that is attached to property or some other right and that may lessen its value, such as a lien or mortgage"). At trial, Query admitted the existing mortgage would remain on the property after the conveyance and the $75,000 down payment was insufficient to satisfy it. *See Robeson-Marion Dev. Co. v. Powers Co.*, 256 S.C. 583, 585–86, 183 S.E.2d 454, 455 (1971) (stating a buyer was not required to accept an encumbered title and noting that although the seller was not required to remove liens prior to closing, the seller needed to "obtain substantially contemporaneous release of the outstanding liens" in order to render concurrent performance). Therefore, because evidence shows the property would not have been conveyed free of encumbrances—in plain

violation of the contract's language—Castrejon was not required to proceed with the sale.

2.  We find the master did not err in declining to enter a default judgment against Brito.  *See Melton v. Olenik*, 379 S.C. 45, 50, 664 S.E.2d 487, 489–90 (Ct. App. 2008) ("The power to set aside a default judgment is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion.").[1]

3.  Because Castrejon was excused from proceeding with the sale and thus, did not breach the contract, there is no need to address the merits of Query's argument regarding financing for the down payment.  For the same reason, we need not address Castrejon's cross-appeal regarding the statute of frauds.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when the disposition of prior issues is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] To the extent Query urges us to adopt the Georgia supreme court's reasoning in *Fred Chenoweth Equip. Co. v. Oculus Corp.*, 328 S.E.2d 539 (Ga. 1985), we decline, as Brito was not a signatory of the contract and had no obligation to Query with respect to the purchase of the property.